**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DANIEL PASSERO,                                                      1:17-CV-1296
                                                                     (TJM/CFH)
                Plaintiff,

    v.

MEREDITH SCHULZ, Washington County
APS Case Worker; ANDREW
WILLIAMSON, Washington County APS
Case Worker,

                Defendants.

---

**APPEARANCES:**

Daniel Passero
19 North Street, Apt. 2D
Granville, New York 12832
Plaintiff pro se

## REPORT-RECOMMENDATION AND ORDER

      Plaintiff commenced this action on November 27, 2017 with the filing of a complaint. Dkt. No. 1 ("Compl."). Plaintiff did not pay this Court's filing fee, and instead filed an application to proceed in forma pauperis ("IFP"). On January 3, 2018, Magistrate Judge Daniel J. Stewart recused himself from the case, and the undersigned was assigned in his place. Dkt. No. 4. Presently pending before the Court is review of plaintiff's IFP application and review of the complaint pursuant to 28 U.S.C. § 1915. Following review of plaintiff's IFP application, the undersigned concludes that plaintiff may properly proceed IFP.[1]

---

[1] Plaintiff is advised that, although he has been granted IFP status, he is still required to pay for any fees or costs he may incur, such as copying fees or witness fees.

## I. Initial Review

### A. Standard of Review

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest."  Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).  However, this does not mean the Court is required to accept unsupported allegations devoid of sufficient facts or claims.  Pleading guidelines are provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P").  Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  See FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation

2

marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).  Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims."  Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint."  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Id. (citations omitted).

### B. Complaint

### 1. Claims in Complaint

3

Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983, alleging that defendants, Meredith Schulz and Andrew Williamson, both Washington County "Adult Protective Services Case Workers" were negligent insofar as they failed to provide certain services to plaintiff.  Plaintiff alleges that he is "diagnosed with a cognitive disorder," "due to an unknown illness."  Compl. at 4.  Plaintiff also indicates that he has periodontal disease.  Id.  He contends that he has actively sought treatment with many doctors and specialists for his teeth and his cognitive disorder.  Id.  Plaintiff contends that defendants "in their official capacity as adult protective workers kept requiring treatment to maintain temporary disability" but that the "treatment was inconsistent with the pleadings of plaintiff nor did either defendant take any action to remedy the violations."  Id.  Plaintiff provides that he "deliberated this in great length during a proceeding in a [sic] unrelated federal court action informing the county and it's [sic] attorneys of these civil violations."  Id.  Plaintiff suggests that defendants committed "malice neglect" because

> four years after the diagnosis of periodontal disease the Adult Protective Services workers have still not used their position as a state mandated program which is to be provided without regard to plaintiff/individual who because of his impairments could not provide for his basic need, and in this claim, medical/dental care.

Id.  Plaintiff advises that he has been denied treatment for periodontal disease by Fidelis.  Id.  He argues that his diagnosis of "a cognitive disorder warranted the acceptance as a case for Adult Protective Services and the plaintiff should have been provided with such protective civil rights."  Id.  Plaintiff contends that he has suffered many side effects from his periodontal disease and has "made consistent complaints to

4

the doctors and the Adult Protective Workers and I suffered mentally and physically with no assistance." Id.

Plaintiff contends that he is "requesting intervention and an answer as to how I could have been neglected for all these years with such a simple diagnosis in the face of specific complaints that could have led to no other diagnosis then [sic] periodontal disease." Id. at 5. Plaintiff also contends that the "above cruel and inhuman treatment has caused severe mental anguish and physical suffering that is present and ongoing." Id.

Next, plaintiff argues that defendant Schulz "in her official capacity as Adult Protective Services case worker in the time period covering 2011 failed to protect the plaintiff from eviction of residency[.]" Compl. at 5. Plaintiff provides that he was evicted from his residence for nonpayment, "but records will indicate that all rent was paid in full as the county has admitted recently in an unrelated matter." Id. Plaintiff also provides that "[t]he local judge made the plaintiff responsible for payment of a third parties [sic] rent. It is the responsibility of the landlord to rent his housing." Id. Plaintiff indicates that his eviction "has caused severe mental anguish and physical suffering from the cruel and inhuman treatment that is present and ongoing." Id.

Next, plaintiff contends that Schulz, "in her official capacity as an Emergency Housing Coordinator case worker in 2017 failed to inspect a residency properly leading to unsanitary living conditions." Compl. at 5. Plaintiff contends that "this has caused severe mental anguish and physical suffering from the cruel and inhuman treatment that is present and ongoing." Id.

5

Plaintiff next argues that defendant Williamson, "in his official capacity as an Adult Protective Services case worker failed to provide protection against unsanitary living conditions that led to an eviction when the plaintiff tried to remedy the issue." Compl. at 5. Plaintiff provides that a "local judge would not even accept or hear any counter claim." Plaintiff argues defendant's actions "has caused severe mental anguish and physical suffering from the cruel and inhuman treatment that is present and ongoing." Id.

Finally, plaintiff demands "[t]he entire amount of relief requested and other relief the Court may deem proper and just." Compl. at 6. Plaintiff indicates on the civil cover sheet that he demands $10,000,000.00. Id. at 7.

## 2. Assessment

Plaintiff indicates that this case is before the Court on federal question jurisdiction.[2] Compl. at 7. Although plaintiff contends that this action is brought pursuant to section 1983 for violations of his civil rights, plaintiff fails to specify the constitutional violations he alleges defendants committed. To the extent a liberal reading may suggest that defendants violated the Eighth Amendment, as plaintiff refers to "cruel and inhuman treatment" throughout his complaint, the Eighth Amendment does not apply here as the Eighth Amendment prohibits cruel and unusual punishments from being inflicted on incarcerated persons. See, e.g., Lynch v. Cannatella, 810 F.2d

---

[2] Plaintiff is unable to demonstrate diversity jurisdiction as plaintiff and all defendants are citizens of New York State, as he indicates on the civil cover sheet. See Compl. at 7.

6

1363, 1375 (5th Cir. 1987) (concluding that "the eighth amendment prohibition against cruel and unusual punishment "is not applicable to cases in which the plaintiffs were not in custody as a result of having been convicted of a crime.").

Arguably, plaintiff may be attempting to bring this case pursuant to the Fourteenth Amendment under a "state-created danger theory of liability." Under 42 U.S.C. § 1983, "in certain 'exceptional circumstances' a state actor may be under an affirmative constitutional obligation to protect an individual,' either because of a special relationship with the individual, or because the governmental entity itself has created or increased the danger to the individual.'" Robischung-Walsh v. Nassau Cnty. Police Dept., 421 F. App'x 38, 41 (2d Cir. 2011) (summary order). However, under this very limited exception, "'[i]t is not enough to allege that a government actor failed to protect an individual from a known danger of bodily harm . . . .'" Id. (citation omitted). Instead, the government official must take "an *affirmative act* that creates an opportunity for a third party to harm a victim (or increases the risk of such harm).'" Id. (citation omitted).

Here, it does not appear that this limited exception applies to the facts of plaintiff's case insofar as he is alleging that defendants, as protective case workers, committed an *omission* or failure to act, that resulted in injury and/or mental distress. Further, it does not appear that he is contending that it was the defendants' failure to act that caused a *third party* to cause him harm. Robischung-Walsh, 421 F. App'x at 41. Instead, plaintiff suggests that because of defendants' failure to provide him with certain approvals for medical care or housing, he suffered damages. Indeed, based on the complaint, it is not even entirely clear that defendants were assigned to plaintiff as

7

his case workers at the times discussed in the complaint as plaintiff indicates that his diagnosis "a cognitive disorder *warranted the acceptance as a case* for Adult Protective Services and the plaintiff *should have been provided* with such protective civil rights" which may suggest that he was not even under the defendants' supervision. Compl. at 5. Moreover, insofar as plaintiff refers to actions – or, more aptly, failures to act – that occurred in 2011, it appears such claims may be time barred.

It appears that plaintiff is attempting to set forth claims regarding negligence insofar as he argues that he was under the care and/or supervision of defendant caseworkers and they allegedly failed to provide or approve him for access to certain medical care or provide him with adequate housing. See also Compl. at 4 (referencing "malice negligence). Such allegations would appear to fall under a claim for negligence, which would be a state law claim, not claims that arise under federal laws, regulations, or constitutional provisions. Although, generally, this Court has the discretion to exercise its supplemental jurisdiction to review state law claims in some cases, Block v. First Blood Assocs., 988 F.2d 344, 351 (2d Cir. 1993), where there is no meritorious federal claim before the Court, the district court should decline to exercise its supplemental jurisdiction to review any related state law claims. See, e.g., Purgess v. Sharrock, 33 F.3d 134 (2d Cir. 1994). As plaintiff's complaint currently fails to demonstrate the involvement of a federal question, and, thus, fails to demonstrate this Court's jurisdiction, it is recommended that this Court also decline to exercise jurisdiction over plaintiff's potential state law claims. See Kaminski v. Commissioner of Oneida Cty. Dept. of Soc. Services, 804 F. Supp. 2d 100, 107 (N.D.N.Y. 2011) (quoting

8

28 U.S.C. § 1367(c)(3)).

Generally, in cases involving pro se plaintiffs, a court should not dismiss a complaint without granting leave to amend "at least once" "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991).  However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Here, although it does not appear from the face of the current complaint that plaintiff's complaint involves violations of the United States Constitution or federal law, in light of special solicitude, the undersigned recommends that the Court provide plaintiff with one opportunity to amend his complaint to attempt to demonstrate this Court's federal question jurisdiction.

### III.  CONCLUSION

Wherefore, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's Complaint (Dkt. No. 1) be **DISMISSED without prejudice and with leave to amend**, following the District Judge's review of this Report-Recommendation and Order, in order to provide plaintiff an opportunity to

9

demonstrate this Court's federal question jurisdiction; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: February 1, 2018
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge