**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DANIEL PASSERO,**                                          1:17-CV-1296
                                                             (TJM/CFH)
        **Plaintiff,**

    v.

**MEREDITH SCHULTZ, Washington County**
**APS Case Worker; ANDREW WILLIAMSON,**
**Washington County APS Case Worker,**

        **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


# DECISION & ORDER

## I.   INTRODUCTION

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Christian F. Hummel, United States Magistrate Judge, for initial review. In a February 1, 2018 Report-Recommendation and Order (Dkt. No. 6), Magistrate Judge Hummel recommends that plaintiff's Complaint (Dkt. No. 1) be dismissed without prejudice and with leave to amend in order to provide plaintiff an opportunity to demonstrate this Court's federal question jurisdiction. Rep. Rec. & Ord., at 9-10. Plaintiff filed objections to this recommendation. Dkt. No. 8.

## II.   STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the

1

district court makes a "*de novo* determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (emphasis added); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the [magistrate judge's] proposed findings and recommendations." (emphasis added)); N.D.N.Y. Local Civil Rule 72.1(c) (written objections to a magistrate's report and recommendation must "*specifically* identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection" (emphasis added)); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes *specific* objections to a magistrate's findings.)(emphasis added).

General or conclusory objections are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009).

After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

## III.  DISCUSSION

Plaintiff does not object to any specific portion of, or conclusion in, the Report-Recommendation and Order. See Obj., Dkt. No. 8, at 1. Rather, plaintiff asserts that he is "presently recovering from another infection that has lasted months," and that the lack of treatment until nine days before he submitted his objections "cause[d] the diagnosed

2

cognitive disorder to intensify (delirium?) precluding [him] from thinking properly." Id.  He further asserts that "[t]he only reason why the petition is not satisfactory is because those intrusted with [his] medical care are not treating [him] properly causing delirium . . . ." Id.  The Court treats this as a general objection.  After examining the record, this Court has determined that the conclusions and the recommendation in the Report-Recommendation and Order are not subject to attack for clear error.

Further, even when conducting a *de novo* review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court arrives at the same conclusions as stated by Magistrate Judge Hummel in his thorough report.

## IV.    CONCLUSION

Accordingly, the Court **ACCEPTS and ADOPTS** the recommendation in the Report-Recommendation and Order (Dkt. No. 6) for the reasons stated therein.  Thus, it is hereby

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** in order to provide plaintiff an opportunity to demonstrate this Court's federal question jurisdiction; and it is further

**ORDERED** that plaintiff is given thirty (30) days from the date of this Decision and Order in which to file an Amended Complaint.  Plaintiff is advised that an amended complaint **supersedes in all respects** the prior pleading.  Therefore, if plaintiff files an amended complaint, he **must properly allege in the amended complaint all factual bases for all claims asserted therein, and the amended complaint must be in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure**; and, it is further

3

**ORDERED** that should plaintiff fail to file an amended complaint within <u>thirty (30) days from the date of this Decision and Order</u>, **the Clerk of the Court is directed to close this case without further action by the Court**.

**IT IS SO ORDERED**.

Dated: June 7, 2018

_____
Thomas J. McAvoy
Senior, U.S. District Judge